[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10735
Non-Argument Calendar

_____

D.C. Docket No. 2:18-cr-00089-JLB-NPM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM NOBLES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 22, 2021)

Before BRANCH, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

William Nobles, a counseled federal prisoner, appeals his conviction for one

count of possession of child pornography. His only challenge is to the district

court's denial of his motion to suppress evidence obtained pursuant to a Network Investigative Technique ("NIT") warrant. Specifically, he argues that the district court erred in finding, on the basis of our decision in *United States v. Taylor*, 935 F.3d 1279 (11th Cir. 2019), *cert. denied*, 140 S. Ct. 1548 (2020), that even though the NIT warrant was invalid, the good faith exception to the exclusionary rule, articulated in *United States v. Leon*, 468 U.S. 897 (1984), applied where the investigating officers' conduct was objectively reasonable. The government, arguing that we are bound to follow *Taylor*, has moved for summary affirmance and to stay the briefing schedule.

Summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

Under the prior precedent rule, we are "bound to follow a prior panel's holding unless and until it is overruled or undermined to the point of abrogation by an opinion of the Supreme Court or of this Court sitting en banc." *United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019).

In *Taylor*, we reviewed the denial of a motion to suppress based on the same

---

[1] We are bound by cases decided by the former Fifth Circuit before October 1, 1981. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

2

NIT warrant at issue in Nobles's case, which was issued by a magistrate judge in the Eastern District of Virginia. *See Taylor*, 935 F.3d at 1283–84. There, we agreed with the defendant that the magistrate judge lacked the authority to issue a warrant authorizing the use of the NIT software on computer users like Nobles who were located outside of that district. *Id.* at 1287–88. Thus, we concluded that the warrant was void *ab initio* and presumptively unreasonable under the Fourth Amendment. *Id.* Nonetheless, we held that the evidence obtained under the NIT warrant need not be suppressed because the FBI agents who obtained the search warrant had acted in good faith and without any intent to deceive the magistrate judge. *Id.* at 1291–93.

Summary affirmance is appropriate here because, in light of *Taylor*, the government is clearly right as a matter of law.[2] *See id.*; *Gillis*, 938 F.3d at 1198. The search here was presumptively unreasonable under the Fourth Amendment based on the void NIT warrant. But as *Taylor* establishes, the good-faith exception to the warrant requirement applies to the NIT warrant. To the extent Nobles's arguments concerning the technology involved in NIT warrants go beyond the scope of what we considered in *Taylor*, the prior precedent rule bars them nonetheless. *See Gillis*, 938 F.3d at 1198 ("[T]here is no exception to the rule where the prior panel failed to

---

[2] We also note that, as Nobles does not raise any further challenges to the district court's denial of his motion to suppress, he has abandoned any such issues on appeal. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (explaining that an appellant abandons a claim where he does not "plainly and prominently" raise it (quotation omitted)).

consider arguments raised before a later panel.").

Accordingly, because the government's position is "clearly right as a matter of law," we **GRANT** its motion for summary affirmance and **DENY** as moot its motion to stay the briefing schedule. *See Groendyke Transp.*, 406 F.2d at 1162.